ATTORNEY FOR APPELLANT
Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Jun 29 2017, 2:26 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 02S05-1706-CR-441

WALIK L. WHITESIDE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Allen Superior Court, No. 02D04-1503-FB-3
The Honorable Frances C. Gull, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 02A05-1607-CR-1659

**June 29, 2017**

**Per Curiam.**

During the morning hours of September 22, 2012, then-fifteen-year-old Walik Whiteside attacked A.B. as she went for a run along the River Greenway in Fort Wayne. Whiteside grabbed A.B. from behind and placed his arm around her neck. After they fell to the ground, Whiteside removed his pants, attempted to insert his penis into A.B.'s vagina, inserted his fingers into her vagina, touched her breasts underneath her bra, and forced his penis into her mouth. When another runner approached, Whiteside fled. He was not apprehended, but the State took DNA swabs from

A.B. At that time, no match for the DNA was found. Whiteside subsequently committed another crime and was convicted of Class A felony robbery and sentenced to twenty-five years incarceration. During his incarceration for that crime, the State collected a DNA sample from Whiteside, which matched the sample taken from A.B.'s body.

In 2015, the State charged Whiteside with Class B felony attempted rape, two counts of Class B felony criminal deviate conduct, and Class D felony sexual battery. Whiteside was waived into adult court where a jury convicted him on all counts. The trial court vacated the sexual battery conviction based on double jeopardy concerns, and sentenced Whiteside to twenty years on each of the remaining counts, to be served consecutively to each other and to the sentence for his robbery conviction. In the instant case, Whiteside received an aggregate sentence of sixty years imprisonment.

Citing Indiana Appellate Rule 7(B), a majority of the Court of Appeals revised Whiteside's sentence to three consecutive ten-year terms, for an aggregate sentence of thirty years, to be served consecutively to the robbery sentence. Whiteside v. State, No. 02A05-1607-CR-1659 (Ind. Ct. App. March 30, 2017). Judge Pyle dissented, believing Whiteside's sentence not inappropriate. Id. at 14-16 (Pyle, J., dissenting). The State seeks transfer.

The authority granted by article 7, section 4 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Indiana Appellate Rule 7(B). Under this rule and as interpreted by case law, appellate courts may revise sentences—after due consideration of the trial court's decision—if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. See Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Our collective judgment is that the sentence imposed by the trial court in this case is not inappropriate under Appellate Rule 7(B) and does not warrant appellate revision. Accordingly, we grant transfer, affirm the sentence imposed by the trial court, and summarily affirm the decision of the Court of Appeals in all other respects. *See* Ind. Appellate Rule 58(A).

All Justices concur.